FRANCIS C. FLAHERTY
Nevada Bar No. 5303
CASEY A. GILLHAM
Nevada Bar No. 11971
DYER LAWRENCE, LLP
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896 telephone
(775) 885-8728 fax
fflaherty@dyerlawrence.com
cgillham@dyerlawrence.com
*Attorneys for Petitioner Pine View Estates Homeowners' Association*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PINE VIEW ESTATES HOMEOWNERS ASSOCIATION,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>    Respondents. | Case No. 3:16-CV-00402-MMD-WGC<br><br>**STIPULATION TO STAY MATTER UNTIL NOVEMBER 12, 2018 (SIXTH REQUEST)** |

TO THE UNITED STATES DISTRICT COURT:

Petitioner, Pine View Estates Home Owners Association ("PVHOA"), and Respondent, United States Environmental Protection Agency ("EPA"), have agreed and hereby stipulate pursuant to Local Rules IA 6-1 and 6-2 as follows:

    A.    This matter involves PVHOA's appeal of a June 2, 2016 compliance order issued by EPA ("Compliance Order"). The stay is necessary because the appeal is approaching a resolution.

    B.    On May 14, 2018, because the appeal was approaching a resolution, the Parties requested a fifth, 90-day stay of this matter until August 14, 2018, and the Court ordered that stay on May 14, 2018 (ECF Nos. 21, 22). There has been substantial progress towards this resolution, but as discussed below, the final resolution of this matter cannot be accomplished until the final resolution of separate litigation involving the PVHOA, but not the EPA.

/ / /

C. As alluded to immediately above, the resolution of this petition is based on the settlement of a related matter. On September 12, 2017, PVHOA and Mark Kizer, another party subject to the Compliance Order, entered into a settlement agreement ("Settlement Agreement") in Kizer v. PTP, Inc. *et al*, Case No. 3:15-CV-00120-RCJ-WGC (D. Nev.) (ECF No. 338). There are over 200 defendants in the *Kizer* case, including all of the individual homeowners in Pine View Estates, PVHOA and the Bureau of Indian Affairs ("BIA"). The Settlement Agreement was contingent on the BIA's approval of the transfer of land comprising the HOA common areas to the HOA in fee simple, a trust-to-fee transfer.[1] The fee lands will serve as collateral for a loan to fund the remediation obligations detailed in the Compliance Order. The BIA approved said trust-to-fee transfer on October 18, 2017 and that transfer was contemplated to occur by the end of November, 2017.

D. Once the land is actually transferred from trust to fee, as described in Para. C, the Parties in this case anticipate lodging a consent decree relating to and addressing the Compliance Order. The consent decree will need to be negotiated and once finalized and approved by officials at EPA and the United States Department of Justice, will be lodged with the Court. The Parties will then request that the Court approve and enter the consent decree.

E. On November 8, 2017, the Hon. Robert C. Jones confirmed and approved the Settlement Agreement described in Para. C. *See* Kizer v. PTP, Inc., Case No. 3:15-CV-00120-RCJ-WGC (D. Nev.) (ECF No. 452).

F. However, subsequent to Judge Jones' approval of the Settlement Agreement in the *Kizer* case, a dispute arose between Kizer and some of the defendants in the implementation of the Settlement Agreement; specifically, attorneys representing the title insurers who are funding the Settlement Agreement, as well as attorneys representing individual homeowners, asserted that the BIA had not fully complied with the terms of the Settlement Agreement, and by extension, the requirements of the National Historic Preservation Act ("NHPA") in effecting the transfer of land described in Para. C. Subsequently, there were extensive discussions among attorneys representing

---

[1] The BIA holds title to the land comprising Pine View Estates in trust on behalf of Kizer.

Dyer Lawrence, LLP
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896

Kizer, the title insurance companies and individual homeowners to resolve the issue of whether or not there has been compliance with NHPA or the terms of the Settlement Agreement in the *Kizer* case.

G. On April 18, 2018 counsel for Kizer sent a letter to counsel for the title insurance companies and counsel for defendants in the *Kizer* case documenting the points of dispute regarding implementation of the settlement agreement, setting forth Kizer's position on those points and proposing final steps to resolve all points of dispute, including actions to be undertaken by BIA at Kizer's request to comply with NHPA. In closing his letter, counsel for Kizer asked title insurance company counsel and all defense counsel to notify him immediately of any other points of dispute or any objection to the proposed course of action set forth in his letter. As of the submission of this stipulation, counsel for PVHOA is not aware of any other dispute points or objection to Kizer's proposed course of action as set forth in the April 18th letter being raised by counsel for the title insurance companies or any defense counsel and anticipates full implementation of the settlement agreement approved by Judge Jones once the BIA completes all necessary steps to effectuate the trust-to-fee transfer detailed in Para. C *supra*.

H. On July 24, 2018 the BIA sent a letter to Nevada's State Historic Preservation Office ("SHPO') regarding BIA compliance with NHPA. SHPO may take up to thirty days to respond to BIA. Assuming SHPO raises no NHPA concerns within that thirty-day period, BIA will notify the Washoe Tribe that it has approved the trust-to-fee transfer. Thereafter, the Washoe Tribe has thirty days to lodge an objection to the transfer. Assuming no objection from the Washoe Tribe, which did not object following the BIA's October 18, 2017 approval (Para. C *supra*), BIA will thereafter transfer fee title for the common areas to the HOA in October or November of this year. This transfer will trigger the consent decree process described in Para. D. *supra*.

I. The approval and entry of the anticipated consent decree described in Para. D would fully resolve PVHOA's appeal of the Compliance Order in this case.

J. To promote and facilitate these efforts, allow the parties to fully focus thereon, and avoid unnecessary litigation and discovery activity and expense during the necessary settlement and

/ / /

consent decree negotiations, the parties jointly request that this Court issue an Order staying these proceedings until November 12, 2018.

Accordingly, IT IS HEREBY STIPULATED by and between the parties hereto, with the approval of the Court, as follows: All proceedings in this lawsuit are hereby stayed until November 12, 2018.

Dated: August 13, 2018.

JEFFREY H. WOOD
Acting Assistant Attorney General

By: /s/ *Michael C. Martinez*
Michael C. Martinez (CA Bar No. 275581)
Michael.C.Martinez@usdoj.gov
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C. 20004
Tel. (202) 514-0135

Attorney for Respondent

Dated: August 13, 2018.

DYER LAWRENCE, LLP

By: /s/ *Francis C. Flaherty*
Francis C. Flaherty
FFlaherty@dyerlawrence.com
2805 Mountain Street
Carson City, Nevada 89703
(775) 885-1896
FAX: (775) 885-8728

Attorney for Petitioner.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: August 13, 2018